**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR-07-149-PHX-NVW (LOA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Gabriel Mark Ramirez, | ) | |
| Defendant. | ) | |

On September 13, 2013, the supervising Probation Officer filed a verified Petition on Violation of Supervised Release, alleging Defendant violated multiple conditions of supervised release. (Doc. 33) Following a contested preliminary revocation hearing in open court on September 24, 2013, the undersigned Magistrate Judge took the matter under advisement pending his review of certain police reports in the probation file to determine, in conjunction with the evidence presented at the hearing, whether the Government has established probable cause that Defendant violated the conditions of his supervised release.

Having taken judicial notice of the file and reviewed all relevant documents, the undersigned finds sufficient evidence was presented at the preliminary revocation hearing as set forth herein to hold Defendant to answer to the assigned District Judge for further revocation proceedings.

**I. A Preliminary Revocation Hearing**

Federal Rule of Criminal Procedure 32.1(b)(1)(A) requires that "[i]f a person is in

1 custody for violating a condition of probation or supervised release, a magistrate judge must
2 promptly conduct a hearing to determine whether there is probable cause to believe that a
3 violation occurred." The Supreme Court has explained that a probationer or supervised
4 releasee "is entitled to two hearings, one a preliminary hearing at the time of his arrest and
5 detention to determine whether there is probable cause to believe that he has committed a
6 violation of his [supervised release], and the other a somewhat more comprehensive hearing
7 prior to the making of the final revocation decision." *United States v. Jeremiah*, 493 F.3d
8 1042, 1045 (9th Cir. 2007) (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 781-82 (1973). The
9 *Gagnon* Court again emphasized that "[a]t the preliminary hearing, a probationer or
10 [releasee] is entitled to notice of the alleged violations . . . an opportunity to appear and to
11 present evidence on his own behalf, a conditional right to confront adverse witnesses, an
12 independent decisionmaker, and a written report of the hearing." 411 U.S. at 786. Of course,
13 a preliminary revocation hearing may be waived by the probationer or releasee. *See*
14 32.1(b)(1)(A), Fed.R.Crim.P.

15 "A district court may revoke a term of supervised release only if it 'finds by a
16 preponderance of the evidence that the defendant violated a condition of supervised
17 release.'" *United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008) (citing 18 U.S.C. §
18 3583(e)(3)); *see also United States v. Francis*, 2012 WL 3289833, at *1 (D. Ariz. Aug.13,
19 2012). "Although this is a lower standard than the 'beyond a reasonable doubt' standard
20 required for a criminal conviction, there must still be credible evidence the releasee actually
21 violated the terms of supervised release." *Id*. "It is well-established that supervised release
22 and probation revocation hearings are informal proceedings in which the rules of evidence,
23 including those pertaining to hearsay, need not be strictly applied." *United States v.*
24 *Vasquez-Vasquez*, 2013 WL 309043, at *1 (D. Ariz. Jan. 25, 2013) (citing Fed.R.Evid.
25 1101(d)(3); *United States v. Walker*, 117 F.3d 417, 421 (9th Cir. 1997); *United States v.*
26 *Doswell*, 670 F.3d 526, 530 (4th Cir. 2012)).

27 **II. Ruling**

28 This Magistrate Judge finds by a preponderance of the evidence that Defendant

violated the following conditions of supervised release as alleged in the September 13, 2013 Petition:

    1. Standard Condition No. 3;

    2. Standard Condition No. 8;

    3. Standard Condition No. 11 as to convicted felon, Tyrone Toney, only;

    4. Special Condition No. 1;

    5. Special Condition No. 8.

This Magistrate Judge further finds that the Government has failed to establish by a preponderance of the evidence that Defendant violated the following conditions of supervised release as alleged in the September 13, 2013 Petition:

    1. Standard Condition No. 1 as to the crimes of Disorderly Conduct (A.R.S. 13-2904A) and Failure to Obey Police (Salt River Code 19-13). Other than the conclusions of the supervising Probation Officer in her September 10, 2013 Memorandum, there is no police report or other documentary evidence provided that Defendant caused the August 17, 2013 automobile collision, had any control over the vehicle as a passenger when the driver fled law enforcement prior to the subject collision which caused the disruptive event, or a specific police officer commanded Defendant to stop running from the accident scene and Defendant heard, or reasonably should have heard, the police officer's command.

    2. Standard Condition No. 11 as to the other alleged convicted felons or gang members identified at the hearing as his father, aunt, and cousin due to the Government's lack of specificity;

    3. Standard Condition No. 13 because the supervising Probation Officer was immediately notified by law enforcement on August 17, 2013 that Defendant was arrested, Defendant knew his supervising Probation Officer was informed of his arrest, and it was reasonable for Defendant to believe he was not required to notify his supervising Probation Officer of his arrest when he knew she had already been notified of his arrest.

### III. Conclusion

Having found that Defendant violated multiple conditions of his supervised release

as alleged in the September 13, 2013 Petition on Violation of Supervised Release, doc. 33,

**IT IS ORDERED** that Defendant Gabriel Mark Ramirez is held to answer to the Honorable Neil V. Wake, United States District Judge, for further revocation proceedings pursuant to 18 U.S.C. § 3583(e)(3).

**IT IS FURTHER ORDERED** that the following allegations or partial allegations are **DISMISSED** consistent with this Order:

1. Standard Condition No. 1;

2. Standard Condition No. 11 as set forth herein; and

3. Standard Condition No. 13.

**IT IS FURTHER ORDERED** setting an admit or deny hearing for **10:00 a.m.** on **Tuesday, October 15, 2013** before the Honorable Steven P. Logan, United States Magistrate Judge, in Courtroom 304, Sandra Day O'Connor U. S. Courthouse, 401 West Washington, Phoenix, Arizona 85003.

Dated this 25th day of September, 2013.

Lawrence O. Anderson
United States Magistrate Judge